**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 05-4657**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

WOODROW JAMAAL JOHNSON,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. William L. Osteen, District Judge. (CR-03-12)

Submitted: August 31, 2006          Decided: September 21, 2006

Before WILKINSON, MICHAEL, and TRAXLER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Noell Tin, TIN, FULTON, GREENE & OWEN, PLLC, Charlotte, North Carolina, for Appellant. Gretchen C. F. Shappert, United States Attorney, Robert J. Gleason, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Woodrow Jamaal Johnson appeals his convictions and aggregate 161-month sentence for robbery by threats or violence, in violation of 18 U.S.C. § 1951 (2000); using or carrying a firearm during in and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c) (2000); theft of firearms, in violation of 18 U.S.C. § 922(u) (2000); theft of firearms, in violation of 18 U.S.C. § 924(l) (2000); theft of firearms, in violation of 18 U.S.C. § 924(m) (2000); and aiding and abetting these substantive offenses, in violation of 18 U.S.C. § 2 (2000). Finding no error, we affirm.

Johnson first argues that the district court erred in admitting testimony from a co-defendant in rebuttal of Johnson's testimony. We review a district court's admission of evidence for an abuse of discretion. See United States v. Stitt, 250 F.3d 878, 888 (4th Cir. 2001). Evidentiary rulings are further subject to harmless error analysis. See United States v. Brooks, 111 F.3d 365, 371 (4th Cir. 1997). "[T]here must be a nexus between the purported rebuttal evidence and the evidence that the purported rebuttal evidence seeks to rebut." Stitt, 250 F.3d at 897 (citing United States v. Curry, 512 F.2d 1299, 1305 (4th Cir. 1974)). We have reviewed the record, the district court's rulings, and the briefs of the parties on appeal. We conclude that the district court did not abuse its broad discretion, and even assuming

admission of the rebuttal testimony was erroneous, the error was harmless.

Next, Johnson argues that his sentence was unreasonable because the district court gave inadequate consideration to the factors enumerated in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2006). After United States v. Booker, 543 U.S. 220 (2005), we review a district court's sentence "for unreasonableness." Booker, 543 U.S. at 261; United States v. Hughes, 401 F.3d 540, 546-47. A sentencing court is no longer bound by the range prescribed by the advisory Sentencing Guidelines. United States v. Green, 436 F.3d 449, 455-56 (4th Cir.), cert. denied, 126 S. Ct. 2309 (2006); Hughes, 401 F.3d at 546. In determining the sentence, however, courts are still required to calculate and consider the Guidelines range, as well as the factors set forth in § 3553(a). "The district court need not discuss each factor set forth in § 3553(a) in checklist fashion; it is enough to calculate the range accurately and explain why (if the sentence lies outside it) this defendant deserves more or less." United States v. Moreland, 437 F.3d 424, 432 (4th Cir. 2006) (quotation omitted).

"[A] sentence imposed within the properly calculated Guidelines range . . . is presumptively reasonable." Green, 436 F.3d at 457 (internal quotation marks and citation omitted). Johnson's sentence was within the properly calculated Guidelines range, and is thus presumptively reasonable. Upon review, we

conclude that Johnson has not overcome this presumption, and that his sentence is reasonable.

Accordingly, we affirm Johnson's convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED